Affirmed and Memorandum Opinion filed July 10, 2008








Affirmed and Memorandum Opinion filed July 10, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00838-CV

NO. 14-07-00839-CV

____________

 

IN THE INTEREST OF C. J. AND C. M.
J.,
CHILDREN

 

 

 



 

On Appeal from the 311th
District Court

Harris County, Texas

Trial Court Cause Nos. 2006-16600
and 2005-63879

 



 

M E M OR AN D U M   O P I N I O N

Appellant,
Jacquelyn Shavon Moore, challenges the termination of her parental rights to
her minor children C.M.J. and C.J.  The Texas Department of Family and
Protective Services (Athe Department@) brought suit to terminate the
parent-child relationship between appellant and C.M.J. and C.J., and after a
jury trial, appellant=s parental rights were terminated.  In four issues, appellant
contends that the evidence is legally and factually insufficient to support the
trial court=s judgment terminating her parental rights.  We affirm. 








BACKGROUND

Appellant is the mother of C.M.J. and C.J.  Jermie Jackson
is the father of C.M.J., and  C.J.=s father is
unknown.  The Department first got involved in this case in September 2005 when
appellant accused Jackson of sexually abusing C.M.J.  Although the sexual abuse
allegation was dismissed, the Department began to investigate appellant. 
Appellant, then five months pregnant with her second child, C.J., admitted to
using marijuana and Xanax and told a caseworker that she did not want C.J. 
Appellant acknowledged that she was involved in domestic violence and claimed
to be bipolar.  In December 2005, the Department determined that services were
needed and created a safety plan.  C.M.J. was placed with appellant=s mother, Re=Ginald Longmiles,
and appellant was referred for psychological evaluation.  The safety plan
required that appellant be supervised at all times by Longmiles while appellant
was in the presence of C.M.J.

The safety plan was later modified to prohibit appellant
from visiting C.M.J. at Longmiles=s apartment
because appellant exhibited aggressive behavior and, although still pregnant
with C.J., continued to use drugs.  C.J. was born in February 2006, and the
following month, appellant was temporarily hospitalized for major depressive
disorder and psychotic features.  Shortly thereafter, appellant and Longmiles
violated the safety plan.  Specifically, in March 2006, Longmiles went to a
grocery store and asked her mother, Dorothy Labba, to supervise appellant with
C.J.  C.M.J. was with her father at the time.  Labba agreed, and Longmiles left
appellant and C.J. to be supervised by Labba.  When Longmiles returned,
appellant, C.J., and Labba were not in the apartment.  Longmiles searched for
appellant and C.J. and asked neighbors of their whereabouts, but they were
nowhere to be found.  Longmiles contacted the Department and police.  The
Department found appellant and C.J. two days later at an unknown neighbor=s apartment.         








The Department took custody of C.J. and C.M.J. and sought
to terminate appellant=s parental rights as to both children. 
Longmiles intervened, requesting sole managing conservatorship.  The trial court
designated the Department as temporary managing conservator of the children. 
The Department temporarily placed C.J. in foster care and placed C.M.J. with
Jackson.  Following removal, the Department prepared a family service plan to
reunify appellant with her children.  A social worker explained the plan and
the steps that appellant needed to complete to be reunified with her children. 
Appellant acknowledged that she understood successful completion of the plan
was a prerequisite to reunification.  Although appellant showed some initiative
in complying with the plan, she frequently missed appointments with her doctors
and parental visits with her children.  Due to her tardiness and absenteeism,
appellant=s family visits and medical and psychiatric treatments
were cancelled.  Appellant failed to complete follow-up recommendations by her
psychiatrists and drug counselors.  Caseworkers also noticed that appellant had
become more aggressive and psychotic and exhibited peculiar behavior.  On one
occasion, appellant arrived at an appointment fully covered in vaseline and
attempted to persuade other children to leave the facility with her.    

At trial, evidence was introduced regarding appellant=s failure to
comply with the service plan and appellant=s history of
physical violence.  There was evidence that appellant had continuously engaged
in physical altercations, one of which occurred while pregnant with C.J.  The
jury heard evidence of appellant=s prior drug use. 
There was also evidence that appellant had been hospitalized on at least four
occasions for mental health issues within a year after C.J.=s birth. 
Appellant testified that she did not have a stable home for the children and
had been employed for approximately four months prior to trial.  Appellant
admitted that she was unable to care for the children, but asked that her
rights not be terminated and that the children be temporarily placed with
Longmiles.  








The jury
found by clear and convincing evidence that appellant=s parental rights
should be terminated as to both C.M.J. and C.J.,[1]
and awarded joint managing conservatorship of C.M.J. to Jackson and Longmiles. 
Jackson was designated primary joint managing conservator.  With respect to
C.J., the Department and Longmiles were appointed joint managing conservators,
and Longmiles was designated primary joint managing conservator.  The trial
court rendered judgment pursuant to the jury=s verdict and
terminated appellant=s parental rights. 

On
appeal, appellant contends that: (1) the evidence is legally and factually
insufficient to support the trial court=s judgment under section 161.003 that
the Department was the temporary or sole managing conservator of the children
for at least six months prior to the filing of its petition; and (2) the
evidence is legally and factually insufficient to support the trial court=s judgment that termination was in
the Abest interest@ of the children. 

STANDARD
OF REVIEW

Parental
rights can be involuntarily terminated only by a showing of clear and
convincing evidence.  In re J.L., 163 S.W.3d 79, 84 (Tex. 2005).  Clear
and convincing evidence is the degree of proof that will produce in the mind of
the trier of fact a firm belief or conviction as to the truth of the
allegations sought to be proved.  Tex. Fam. Code ' 101.007.  In a legal sufficiency
review, we look at all the evidence in the light most favorable to the finding
to determine whether the fact-finder could have formed a firm belief or
conviction that its finding was true.  In re J.F.C., 96 S.W.3d 256, 266
(Tex. 2002); In re J.I.T.P., 99 S.W.3d 841, 843 (Tex. App.CHouston [14th Dist.] 2003, no pet.). 








When
determining legal sufficiency, we review all the evidence in the light most
favorable to the finding Ato determine whether a reasonable trier of fact could have
formed a firm belief or conviction that its finding was true.@  In re J.F.C., 96 S.W.3d at
266.  To give appropriate deference to the fact-finder=s conclusions, we must assume that
the fact-finder resolved disputed facts in favor of its finding if a reasonable
fact-finder could do so.  Id.  We disregard all evidence that a
reasonable fact-finder could have disbelieved or found to have been
incredible.  Id.; In re J.I.T.P., 99 S.W.3d at 844.

            In a factual
sufficiency review, we determine whether the fact-finder could reasonably form
a firm belief or conviction based on the evidence about the truth of the State=s allegations.  In re J.I.T.P.,
99 S.W.3d at 844.  We should consider whether the disputed evidence is such
that a reasonable fact-finder could not have resolved that disputed evidence in
favor of its findings.  In re J.F.C., 96 S.W.3d at 266.  If, in the
light of the entire record, the disputed evidence that a reasonable fact-finder
could not have credited in favor of the finding is so significant that a
fact-finder could not reasonably have formed a firm belief or conviction about
the truth of the State=s allegations, then the evidence is factually insufficient.  Id. 
We must give due deference to the jury=s factfindings, and we should not
supplant the jury=s judgment with our own.  In re H.R.M., 209 S.W.3d
105, 108 (Tex. 2006).

ANALYSIS

In
appellant=s first and second issues, she challenges the legal and factual
sufficiency of the evidence for termination based on mental illness pursuant to
section 161.003.  Specifically, appellant contends that the evidence is legally
and factually insufficient to establish that the Department was the temporary
or sole managing conservator for at least six months prior to the filing of its
petition.

A. 
Statutory Termination Under Section 161.003








Section
161.003 of the Texas Family Code provides that parental rights may be
terminated in a suit filed by the Department if: (1) the parent has a mental or
emotional illness or mental deficiency that renders the parent unable to
provide for the physical, emotional, and mental needs of a child; (2) the
illness or deficiency will continue to render the parent unable to provide for
the child=s needs until the 18th birthday of the child; (3) the Department has been
the temporary or sole managing conservator of the child for the parent at least
six months preceding the date of the termination hearing; (4) the Department
has made reasonable efforts to return the child to the parent; and (5) the
termination is in the best interest of the child.  Tex. Fam. Code ' 161.003(a).  Appellant contends that
there is no evidence, or in the alternative, factually insufficient evidence
that the Department was the temporary or sole managing conservator at least six
months prior to the filing of its original petition for termination.  The
statute, however, mandates that the six months precede the termination hearing,
not the date in which the Department filed its petition.  See id.  The
record reflects that the Department was designated the temporary managing
conservator of the children in March 2006, and the termination hearing was in
July 2007.  Accordingly, there is clear and convincing evidence that the third
element under section 161.003 was met by the Department.[2] 
We overrule appellant=s first and second issues.

 B. 
Statutory Termination Under Section 161.001(1) and Best Interest of the
Children

In her
third and fourth issues, appellant contends that the evidence is legally and
factually insufficient to establish that termination of her parental rights was
in the children=s best interest. Appellant does not challenge the sufficiency
of the evidence based on the grounds for termination articulated under
subsections 161.001(1)(D), (E), or (O), but rather challenges the sufficiency
of the evidence with respect to the best interest of the children. 








 There
is a strong presumption that preserving the parent-child relationship is in the
best interest of a child.  Tex. Fam. Code '' 153.131(b), 153.191, 153.252.  It is
the Department=s burden to rebut this presumption.  In re S.M.L., 171 S.W.3d 472,
480 (Tex. App.CHouston [14th Dist.] 2005, no pet.).  We consider the following factors
in determining the best interest of the child: (1) the child=s desires; (2) the child=s emotional and physical needs now
and in the future; (3) the emotional and physical danger to the child now and
in the future; (4) the parental abilities of the individuals seeking custody;
(5) the programs available to assist these individuals to promote the best
interest of the child; (6) the plans for the child by these individuals or by
the agency seeking custody; (7) the stability of the home or proposed
placement; (8) the acts or omissions of the parent which may indicate that the
existing parent-child relationship is not proper; and (9) any excuse for the acts
or omissions of the parent.  Holley v. Adams, 544 S.W.2d 367, 371-72
(Tex. 1976); In re J.I.T.P., 99 S.W.3d at 846.  ABest interest@ does not require proof of any unique
set of factors, nor does it limit proof to any specific factors.  In re
S.M.L., 171 S.W.3d at 480.

1. 
Emotional and Physical Endangerment 

The
physical danger to C.M.J. and C.J. is well evidenced by appellant=s history of domestic violence and
physically aggressive behavior.  The jury heard evidence that appellant=s family was unable to control her
violent behavior, and that appellant needed to be supervised at all times while
in the presence of the children.  Appellant initiated numerous physical
altercations with her brother and mother, and attempted to stab her brother on
one particular occasion. See Tex. Fam Code ' 263.307 (listing history of physical
abuse or assaultive conduct as a factor in determining best interest of a
child).  Complaints of violent conduct were made against appellant by neighbors
when appellant resided with Longmiles.  There was testimony that appellant
initiated a verbal altercation with a supervisor at the Department and
threatened to take the supervisor=s child. Appellant also engaged in a
physical altercation while pregnant with C.J. 








Additionally,
appellant had been hospitalized at least four times within a year for mental
illnesses.  She was diagnosed with major depression disorder and psychotic
features.  Although appellant was diagnosed with these severe mental illnesses,
she has failed to comply with her psychiatric treatment and medication
schedule.  The record also reflects drug use during appellant=s pregnancy with C.J.  See In re
U.P., 105 S.W.3d 222, 231 (Tex. App.CHouston [14th Dist.] 2003, pet.
denied) (recognizing evidence of drug use is legally sufficient to support that
termination is in the child=s best interest). We find that the foregoing evidence
sufficiently shows that appellant engaged in conduct endangering the children=s physical and emotional well-being. 
            

2.  Acts
or Omissions That Indicate the 

Existing
Parent-Child Relationship is Not Proper

Evidence
of the parent=s past behavior is indicative of the quality of future care that the
parent is capable of providing.  Pending trial, appellant frequently missed
parental visits with her children.  Due to her tardiness and absenteeism,
appellant=s family visits and medical and psychiatric treatments
were cancelled.  Appellant exhibited peculiar behavior and neglected her own
physical needs.  Appellant failed to complete follow-up recommendations by her
psychiatrists and drug counselors.  See In re J.I.T.P., 99 S.W.3d at 847
(considering parent=s failure to complete counseling services
in determining best interest of child);  In re M.H., 745 S.W.2d 424, 428
(Tex. App.CHouston [14th Dist.] 1988, no writ) (noting that
appellant consistently missed follow-up sessions with children as well as
therapy and her own counseling sessions).  Although appellant initially took steps toward completing the
plan=s requirements, the jury was entitled
to consider her violations and the testimony by social workers who agreed that
a continued relationship with appellant was not in the children=s best interest.  

3. 
Stability of the Home 








There is
evidence of appellant=s precarious living arrangement.  The need for permanence is
the paramount consideration for a child=s present and future physical and
emotional needs.  See Dupree v. Tex. Dept. of Protective & Regulatory
Servs., 907 S.W.2d 81, 87 (Tex. App.CDallas 1995, no writ). Appellant
admitted that she moved quite frequently, living in three different places in
the span of a single year.  Appellant testified that she was not yet ready for
the children to be returned to her because she was unable to care for the
children in a stable environment.  We find that there is clear and convincing
evidence that appellant=s living arrangement would not provide a stable environment
for the children and that the children=s best interest would be served by a
more stable environment.  See Tex. Fam. Code ' 263.307(b).  

4. 
Physical and Emotional Needs of the Children and Parental Abilities 

Throughout
the termination proceeding, appellant expressed uncertainty about her abilities
both as a parent and as a provider of a stable environment.  There was
testimony from appellant, Longmiles, and Jackson that although they did not
want appellant=s rights terminated, appellant was unfit to care for the children.  Upon
removal, foster care and Jackson noticed developmental delays in children. 
Initially, C.J. had feeding difficulties and was severely underweight; his
health improved significantly once he was placed in foster care.  C.M.J.=s motor skills have improved as well
since removal.  The Department introduced evidence that appellant had a history
of domestic violence and drug use.  She suffers from severe depression and
psychotic features, but refuses to properly treat and care for her mental
health.  The foregoing is sufficient evidence of appellant=s inability to meet the children=s physical and emotional needs.

This
evidence supports the jury=s finding that termination of appellant=s parental rights was in the best
interest of the children.  We conclude that the evidence is legally and
factually sufficient to support the trial court=s judgment terminating appellant=s parental rights.  We overrule appellant=s third and fourth issues.  

We affirm the trial court=s judgment.  

 

 

/s/        Adele
Hedges

Chief Justice

Judgment rendered and
Memorandum Opinion filed July 10, 2008.

Panel consists of Chief
Justice Hedges and Justice Boyce, and Senior Justice Hudson.*                    









[1]  The jury was instructed that termination was proper if at least one of
the following grounds were proven by clear and convincing evidence:  (1) appellant knowingly placed or knowingly allowed
the children to remain in conditions or surroundings which endangered the
children=s physical or emotional well-being; (2) appellant
engaged in conduct or knowingly placed the children with persons who engaged in
conduct which endangered the physical or emotional well-being of the children;
(3) appellant failed to comply with the provision of a court order that
specifically established the actions necessary for her to obtain the return of
the children, who had been in the temporary managing conservatorship of the
Department for not less than nine months; or (4) appellant has a mental or
emotional illness or deficiency that renders her unable to provide for the
physical, emotional, and mental needs of the children. See Tex. Fam.
Code '' 161.001(1), 161.003(a). 





[2]  We note that termination under section 161.003 was
an alternate ground for termination.  The jury was also instructed that
termination was proper under subsections 161.001(1)(D),(E), and (O).  Appellant
does not challenge the sufficiency of the evidence under subsections
161.001(1)(D),(E), and (O).  





*  Senior Justice J. Harvey Hudson sitting by
assignment.